# MEMORANDA

# CASES NOT REPORTED IN FULL.

## THE NATIONAL FILTERING OIL COMPANY, RESPONDENT, v. THE CITIZENS' INSURANCE COMPANY OF MISSOURI, APPELLANT.

*Royalties — insurable interest — what is.*

APPEAL from a judgment in favor of the plaintiff, recovered on a trial before the court.

The recovery was for the amount of royalties which John Ellis & Co. failed to pay the plaintiff for the use of certain patented inventions in filtering oil. Their failure to pay was caused by a fire injuring their premises and disabling the filtering apparatus. The plaintiff was not the owner of any interest in the building or the apparatus used therein, but by agreement it had transferred to the firm of Ellis & Co., which carried on its business in the building, the right to there use the inventions owned by it, in filtering oil for certain royalties mentioned in a written agreement made between them. The royalties consisted of a specified sum upon each gallon of oil in which the patented process should be used. The extent to which the inventions might be used by Ellis & Co., and the amount of oil filtered by them was not limited by the agreement, but it was provided that the minimum sum to be paid for royalties after the first year mentioned in the agreement should not be less than the sum of $3,000. The agreement further provided that on or before the tenth day of each month, after its execution, the firm of Ellis & Co. should render to the plaintiff a written statement of all the oil manufactured under the inventions or processes owned by the plaintiff, and which should be sold or conveyed for sale by the firm during the preceding month. And on all such orders, without regard to the date of its manufacture, the royalty

agreed upon became due and payable to the plaintiff within thirty days from the date of each of such returns or statements. It was further agreed that the exclusive character of the license given to Ellis & Co. by the plaintiff, should continue only so long as they should occupy the oil works on Sullivan street in South Brooklyn, except that if the works should be destroyed by fire, or their occupancy be prevented by law, or by some cause for which they were manifestly not responsible and beyond their control, then the license was to retain its exclusive character.

To protect the plaintiff against its loss of royalties under this contract, the policy upon which the action was brought was executed and delivered by the defendant to it. The policy provided that the company, in consideration of thirty-five dollars, do insure National Filtering Oil Company, and their legal representative, for one year from the 1st day of May, 1877, to the 1st day of May, 1878, at twelve o'clock at noon, against loss or damage by fire, to the amount of $1,000 on royalties, payable to insured from the business of John Ellis & Co., carried on in premises situate in Brooklyn, on block bounded by Sullivan, Wolcott and Ferris streets and Buttermilk channel.

Whereas, the above-named firm of John Ellis & Co., by virtue of an agreement with the assured, are bound to pay to them royalties for the privilege of using their patents, which royalties are guaranteed to amount to $250 per month. Now, therefore, the conditions of this insurance are, that in case the premises occupied as above by said Ellis & Co. shall be damaged by fire so as to cause a diminution of said royalties this company will make good to the insured the amount of such diminution, during the restoration of said premises to their producing capacity immediately preceding the said fire. In case of the destruction by fire of said premises, then this company shall pay the full amount insured, it being agreed that this company shall be entitled to subrogation to the extent of any loss paid of any and all claims which may exist under the agreement above mentioned against the said John Ellis & Co. Upon the trial of this action proof was given tending directly to establish the fact that the amount of royalties payable to and received by the plaintiff, while the premises of Ellis & Co. were disabled by the fire, was thereby materially diminished in conse-

quence of the inability of Ellis & Co. to proceed with the business of filtering oil. But as during this period of time Ellis & Co. did pay to the plaintiff an amount exceeding the $250 per month for royalties under the agreement, the defendant claims that the plaintiff failed to establish a loss under the language of the policy.

The court at General Term, after holding that this claim could not be sustained, and that the policy was intended to insure the plaintiff for any loss of royalties, over and above the amount of that which Ellis & Co. were bound to pay in any event, said: "This was not a wager policy. That was no part of its design or intent, but it was to provide the plaintiff with indemnity for a loss which it might sustain by the injury or destruction of the premises mentioned in it and occupied by Ellis & Co. While the defendant was the owner of no interest in, and had no lien upon, the property itself, its right to royalties for the use of its patents beyond the stipulated sum of $3,000 per year was dependent upon the uninterrupted business of Ellis & Co. If, by the occurrence of a fire, that business should be wholly or partially suspended, then the right of the plaintiff to its royalties over the stipulated amount might, for the time being, be correspondingly diminished. Its right so far depended upon the exemption of the premises of Ellis & Co. from disability caused by fire, and that created an insurable interest in the plaintiff as that has been defined in the case of *Rohrbach* v. *Germania Insurance Company* (62 N. Y., 47, 54), where it was said, in the opinion, that 'if there be a right in or against the property which some court will enforce upon the property, a right so closely connected with it, and so much dependent for value upon the continued existence of it alone, as that a loss of the property will cause pecuniary damage to the holder of the right against it, he has an insurable interest.' (Id., 54; *Harvey* v. *Cherry*, 76 id., 436.) The plaintiff's rights were so connected with, and dependent upon, the building in which the business of filtering oil was carried on by Ellis & Co., as to be included within this general principle. Whether it should receive the royalties beyond the guaranteed amount resulting from the continuance of the business of Ellis & Co., depended upon the preservation of their property from fire. If it should be destroyed or so far injured as to interrupt the transaction of their business, then, by that destruction

or interruption, the plaintiff would lose the payments which would be otherwise made to it. It was a right contingent upon the happening of a fire, and one against which the plaintiff might well be protected by an insurance of this description. It was to the plaintiff literally an insurance against loss by fire. Its right to the royalties was a right of property. (*Gillett* v. *Bate*, 86 N. Y., 87.) And as much entitled to protection by insurance against the contingency of fire as any other property would be.   \*   \*   \*

"A portion of the works had been impaired before the fire took place, and to repair them and increase the capacity of the works it was intended to suspend the business to make the necessary changes, and that the evidence showed would have been done about the middle of the following month of November. But the fact that the business might in that manner have been suspended and an equal loss encountered by the plaintiff to that caused by the fire itself, will not relieve the defendant from liability, for the loss in controversy resulted from no other condition or disability of the premises than that which was caused by the fire. And the risk of that loss the company took upon itself by virtue of the policy. That an equal loss might have been produced by another cause subsequently arising, if the fire itself had not occurred, can form no legal answer to the plaintiff's right to indemnity under the terms of the policy."   \*   \*   \*

*George W. Parsons*, for the appellant.

*Coudert Brothers*, for the respondent.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Judgment affirmed.